# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-00152-01/09-CR-W-DGK |
| BRITTANY N. MIKEL, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On June 22, 2021, the grand jury returned an indictment charging Defendants Clayton Ward, Jai Bennion, Juan Taylor, James Martel Jr., Derek Henderson, Brittany Mikel, Patience Westmoreland, Travis Pigg, and Christopher Stephens with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (all Defendants); and three counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Defendant Mikel). Doc. 3. The indictment also seeks forfeiture of all property derived from proceeds obtained, directly or indirectly, as a result of the charges alleged in the indictment. *Id.* at 3-4.

During the June 28, 2021 arraignment for Defendants Bennion, Henderson and Stephens, the matter was set for trial on the August 16, 2021 Joint Criminal Jury Trial Docket. Docs. 27-28. Defendant Bennion's counsel orally moved to continue the trial to the following docket to allow time to obtain and review the discovery and to confer with Defendant Bennion. *Id*. With no objection from any of the parties, the Court granted counsel's request and continued the trial to the September 20, 2021 Joint Criminal Jury Trial Docket. *Id*.

Between June 29, 2021, and July 22, 2021, Defendants Ward, Martel, Taylor, Westmoreland, and Mikel were arraigned. Docs. 35-36, 45, 47, 65, 67, 68-69. During each of

these arraignments, the Court advised these defendants that they were joined for trial with codefendants on the September 20, 2021 Joint Criminal Jury Trial Docket. *Id*.

In August 2021, Defendant Westmoreland's counsel moved to continue the trial because he needed "additional time to prepare for trial," the case was "new," and he was not appointed until July 16, 2021. Doc. 72. There were no objections to the continuance from any counsel. *Id*. at 2.[1] The Court granted the motion, and this matter is currently set for the May 2, 2022 Joint Criminal Jury Trial Docket. Doc. 75.

On April 5, 2022, Defendant Mikel's counsel filed the pending amended motion to continue. Doc. 81. Defense counsel states this "is a multi-litigant case," and "discovery has been voluminous." *Id*. at 2. Defendant Mikel's discovery was "the last to be sent out," and "[a]fter discovery was believed to have been provided to all defendants, it was discovered that the Jackson County, Missouri Prosecutor's Office had failed to provide all reports and evidence related to [D]efendant Mikel." *Id*. Counsel has been "discussing said discovery with" Defendant Mikel during plea negotiations which are "ongoing." *Id*. at 1-2. He also avers additional time is needed "before plea negotiations can be completed." *Id*. at 1. Counsel notes "one of the defendants who was in indicated in this matter is still a fugitive." *Id*. at 2.

According to the motion, there are no objections to a continuance from Defendant Mikel, counsel for any of the defendants, or counsel for the Government.[2] *Id*. Defense counsel requests a continuance to the January 9, 2023 Joint Criminal Jury Trial Docket because, in addition to the

---

[1] Counsel for Defendant Westmoreland obtained the position of Defendant Ward's counsel at the time, Wendel S. Toth. However, at the time the motion was filed, Defendant Westmoreland had obtained new counsel, Angela Hasty. *See* Docs. 71-74. As such, Ms. Hasty's position was not obtained. *Id*.

[2] Defendant Pigg has not been served with the warrant for this matter and thus remains a fugitive. As such, his position on the continuance request was not obtained.

2

foregoing bases for the pending motion to continue, he determined during "communications with other counsel, that dates from June 2022 to December 2022 were not viable." *Id.* at 2.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A). In addition, time spent on plea negotiations is considered one of the "proceedings concerning the defendant" under section 3161(h)(1) that is excludable. *See United States v. Van Someren*, 118 F.3d 1214, 1218-19 (8th Cir. 1997).

In light of counsel's need for additional time to receive and review the "voluminous" discovery, discuss the discovery with Defendant Mikel, and continue plea negotiations with the Government, the Court finds it would be unreasonable to expect counsel to prepare this case for trial prior to May 2, 2022, and thus, would deny Defendant a right to effective assistance of counsel. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court, in ordering this case removed from the May 2, 2022 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant's Amended Motion to Continue (Doc. 81) is **GRANTED**.[3] This case is removed from the May 2, 2022 Joint Criminal Jury Trial Docket and is set for trial on the Joint Criminal Jury Trial Docket that commences on January 9, 2023. It is further

ORDERED that a pretrial conference is set for December 22, 2022, at 9:30 a.m. in Courtroom 6D. It is further

ORDERED that the time between the date of this Order and January 20, 2023, which is the last day of the January 9, 2023 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

**IT IS SO ORDERED.**

DATE: April 6, 2022  /s/ *W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE

---

[3] Defense counsel's original motion to continue (Doc. 80) is hereby **DENIED AS MOOT**.